## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MARY FREEMAN, on behalf of
herself and all others similarly situated,

Plaintiff,

v.

THE GREAT AMERICAN DREAM,
INC. d/b/a PIN UPS, SLICKVIC'S
LLC d/b/a SLICK VIC
ENTERTAINMENT, ASHLEY
FOWLER and VICTOR DAVIDSON,
individually,

Defendants.

Case No.:

Jury Trial Demanded

## COLLECTIVE ACTION COMPLAINT

1.      Plaintiff Mary Freeman, individually and behalf of all others similarly

situated, files this Collective Action Complaint against Defendants The Great

American Dream, Inc. d/b/a Pin Ups ("Pin Ups"), SlickVic's LLC d/b/a Slick Vic

Entertainment ("SlickVic's"), and individuals Ashley Fowler and Victor Davidson

(collectively "Defendants"), for violations of the Fair Labor Standards Act, 29

U.S.C. § 201, *et seq*., as amended (the "FLSA").

## NATURE OF SUIT

2.      This is a collective action brought by Plaintiff on behalf of herself and all others similarly situated under 29 U.S.C. § 216(b) who worked as dancers for Defendants at Pin Ups.

3.      The FLSA requires employers to compensate employees at a rate of not less than the minimum wage, which is currently $7.25 per hour. *See* 29 U.S.C. § 206(a). For tipped employees, employers may take a "tip credit" against payment of the full minimum wage, using a portion of an employee's tips to satisfy the employer's minimum wage obligations to the employee. *Id.* at § 203(m). The use of the tip credit results in savings to employers who may pay employees as little as $2.13 per hour plus tips by properly utilizing the tip credit.

4.      To properly utilize the tip credit under the FLSA employers must: (1) inform the employee that it will take a tip credit, and (2) allow its tipped employees to retain all the tips they receive, except those tips included in a lawfully administered tip pool.

5.      The FLSA further provides that an employer that does not utilize the tip credit, but operates a mandatory tip pool, must maintain and preserve payroll and time records and other records including information on each employee who receive

tips and the weekly or monthly amount reported by the employee, to the employer, of tips received. *See* 29 C.F.R. §§ 516.2(a), 516.28.

6.      Plaintiff worked for Defendants as a dancer at Pin Ups for approximately 20 years until her termination in November 2023. At all relevant times, Pin Ups has been owned by Defendants The Great American Dream, Inc. and Ashley Fowler.  Fowler and The Great American Dream, Inc. managed the operation of Pin Ups until approximately August 2023. In August 2023, Defendants SlickVic's and Victor Davidson took over management of the operation of Pin Ups. Upon information and belief, Pin Ups is still owned by The Great American Dream and Fowler.

7.      During the three years prior to filing this Complaint, Defendants failed to properly compensate Plaintiff by paying her the required minimum wage and unlawfully failed to allow Plaintiff and other dancers to retain all of their tips.

8.      During the three years prior to the filing of this Complaint, Plaintiff was compensated solely through customer tips, and was not paid minimum wage or overtime by Defendants, in violation of the FLSA. Further, Defendants required Plaintiff and all other dancers to pay mandatory fees each shift. Through this practice, Defendants misappropriated and retained a portion of Plaintiff's tips.

3

9.     Plaintiff was never informed that Defendants intended to take a tip credit, nor, upon information and belief, did Defendants keep payroll records or records of the weekly or monthly amounts of tips received by Plaintiff nor her hours worked.  Defendants never provided Plaintiff with a tip credit notice compliant with the FLSA.

10.    Defendants' compensation practices violate the FLSA and Defendants are liable to Plaintiff and all others similarly situated for the full minimum wage for every hour worked and overtime compensation for hours worked over 40 in a workweek in the three years prior to the filing of this Complaint, in addition to all other statutory damages under the FLSA.  Defendants are additionally liable to Plaintiffs and all others similarly situated for all misappropriated tips, as well as liquidated damages thereon.

11.    Because there are other putative collective action members who are similarly situated to Plaintiff with regard to work performed and Defendants' compensation practices, Plaintiff brings this action as a collective action under § 216(b) of the FLSA to recover unpaid wages, overtime, liquidated damages, attorneys' fees and costs on behalf of herself and all others similarly situated.

12.    Additionally, Plaintiff asserts an individual claim for retaliation under the FLSA.  Defendants terminated Plaintiff after and because she complained about

Defendants' improper compensation practices. As a result of Plaintiff's unlawful termination by Defendants, Plaintiff is entitled to lost wages and liquidated damages equal to the lost wages, compensatory damages, emotional distress damages, and other appropriate equitable relief. Plaintiff also seeks reasonable attorneys' fees and costs as provided by the FLSA.

### PARTIES

13.   Plaintiff is an individual who was employed by Defendants from on or about 2003 until November 25, 2023. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA. Plaintiff has consented to be a party-plaintiff to this action, as indicated by her notice of consent attached as Exhibit "1."

14.   Putative opt-in FLSA collective members are all individuals who worked dancers at Pin Ups during the three years preceding the filing of this lawsuit through the disposition of this matter ("FLSA Collective Members"). FLSA Collective Members may "opt in" to this action by filing a consent to join this action pursuant to 29 U.S.C. § 216(b).

15.   At all times relevant to this matter, Plaintiff and FLSA Collective Members were individual employees who were engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 206, 207.

16.     Defendant The Great American Dream, Inc., doing business as Pin Ups in Atlanta, Georgia, is a domestic for-profit corporation in existence in Georgia. This Defendant may be served with process by serving the registered agent for the company, Ashley Fowler, at 2273 County Line Rd NW, Acworth, Georgia 30101.

17.     Defendant Ashley Fowler is the owner of The Great American Dream, Inc. She may be served with process at 2273 County Line Rd NW, Acworth, Georgia 30101. She may also be served at the physical address for Pin Ups at 2788 E. Ponce de Leon Ave, Decatur, GA, 30030 or wherever she may be found.

18.     Defendant Ashley Fowler is individually liable as an "employer" as defined by 29 U.S.C. § 203(d) of the FLSA.

19.     Defendant SlickVic's LLC d/b/a Slick Vic Entertainment is a domestic for-profit corporation in Georgia. This Defendant may be served with process by serving the registered agent for the company, Victor Davidson, at 2795 Evans Mill Rd., Apt. 807, Lithonia, GA 30058.

20.     Defendant SlickVic's LLC was administratively dissolved by the Georgia Secretary of State in October 2022 for failure to deliver its annual registration and required fees to the Georgia Secretary of State.

6

21.  Upon information and belief, despite being administratively dissolved, SlickVic's continues to do business in the State of Georgia, operating numerous adult entertainment establishments including Pin Ups.

22.  Upon information and belief, SlickVic's took over the operation of Pin Ups in August 2023.

23.  Defendant Victor Davidson is the owner of SlickVic's. He may be served with process at 2795 Evans Mill Rd., Apt. 807, Lithonia, GA 30058. He may also be served at the physical address for Pin Ups at 2788 E. Ponce de Leon Ave, Decatur, GA, 30030 or wherever he may be found.

24.  Defendant Victor Davidson is individually liable as an "employer" as defined by 29 U.S.C. §203(d) of the FLSA.

### JURISDICTION AND VENUE

25.  This Court has subject matter jurisdiction over this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

26.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District, including many of the wrongs herein alleged.

## COVERAGE UNDER THE FLSA

27.    At all material times, Defendants have been employers, individually and jointly, within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

28.    At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the FLSA Collective Members.

29.    Specifically, as the owners/managers/operators of Pin Ups, Fowler and Davidson controlled the day-to-day decisions of the club by making strategic, operational and policy decisions and exerting operational control over Pin Ups. Moreover, during the relevant time period, Fowler and Davidson had the power to hire and fire Pin Ups' employees, discipline employees, create and enforce employee policies and set employee compensation. Furthermore, Fowler and Davidson were responsible for enforcing Pin Ups' policy that resulted in taking a portion of Plaintiff and FLSA Collective Members' tips in violation of the FLSA. Therefore, Fowler and Davidson are individually liable as employers as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d).

30.    During the relevant time period, Pin Ups, owned and jointly operated by The Great American Dream and SlickVic's, has been, through unified operations or common control, engaged in the performance of activities for a common purpose

8

– the operating of an adult entertainment establishment where Plaintiff and the FLSA Collective Members worked as dancers.

31.    At all relevant times, Pin Ups has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

32.    Furthermore, Defendants have had, and continue to have, an annual gross volume of sales made or business with Pin Ups of $500,000 or higher.

33.    At all material times, Plaintiff and FLSA Collective Members were employees as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1) who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207. Plaintiff and the FLSA Collective Members regularly handled food, beverages and other food service items that traveled in interstate commerce, served customers who were traveling from out-of-state or across state lines and processed interstate credit card transactions.

### FACTS

34.    Defendants operate an adult entertainment establishment in Georgia, under the name "Pin Ups," located at 2788 East Ponce de Leon Ave., Decatur, Georgia 30030.

35. Plaintiff consistently worked at Pin Ups from approximately 2003 until November 2023.

36. During all times relevant to this Complaint, Plaintiff and FLSA Collective Members were classified as employees of Pin Ups.

37. Persons employed by Defendants regularly handled and sold food and beverages that had moved in interstate commerce and regularly handled credit card transactions involving institutions located across interstate lines.

38. Plaintiff typically worked five shifts a week and worked 8 to 9 hours per shift.

39. Plaintiff was denied full minimum wage and overtime compensation under the law by Defendants.

40. During the three years prior to the filing of this Complaint, Plaintiff was compensated exclusively through tips from Defendants' customers. Defendants paid Plaintiff no compensation whatsoever for the hours she worked at Pin Ups.

41. Upon information and belief, during the three years prior to the filing of this Complaint, Defendants kept no records regarding the amount of tips Plaintiff earned or the hours she worked at Pin Ups.

42. During the three years prior to the filing of this Complaint, Defendants required Plaintiff to pay a specific amount each shift, referred to as a "house fee" or

10

"bar fee," before being allowed to work. These amounts were not distributed back to dancers.  In addition, Plaintiff and all dancers were required to pay a separate fee to the house mom each shift.

43.    Defendants require that all dancers pay house fees of $90-$140 per shift in order to work at Pin Ups. The amount of the fee varied depending on the time the dancer arrived at the club.

44.    Plaintiff was not exempt from the minimum wage and overtime requirements under the FLSA.

45.    Plaintiff was never informed Defendants would be paid utilizing a tip credit.

46.    Upon information and belief, during the three years prior to the filing of this Complaint, Defendants kept no records of the weekly or monthly amounts of tips received by each dancer nor the time worked by any dancer at Pin Ups.

47.    Upon information and belief, during the three years prior to the filing of this Complaint, Defendants kept no payroll records for Plaintiff or the FLSA Collective Members.

48.    During the three years prior to the filing of this Complaint, Defendants did not pay Plaintiff the required minimum wage.

11

49.    During the three-year period prior to this suit, Defendants employed other individuals who performed similar duties under a similar payment scheme as was used to compensate Plaintiff.

50.    Defendants' method of paying Plaintiff and those similarly situated violated the FLSA, was willful, and not in good faith. Therefore, an award of liquidated damages and a three-year statute of limitations is warranted.

51.    Plaintiff repeatedly raised concerns about the manner she was paid and the mandatory house fees to management at Pin Ups.

52.    On or around November 24, 2023, Plaintiff again complained to Pin Ups' management about the mandatory fee she was required to pay, specifically the amount she was required to pay that went to the house mom, which resulted in a reduction of the tips she earned.

53.    The following day, on or about November 25, 2023, Plaintiff arrived at Pin Ups to work a shift and was told she was fired because of her complaint regarding illegal tip sharing.

54.    Plaintiff's complaint about improper compensation methods and tip sharing requirements at Pin Ups constituted protected activity and was the causal reason for Plaintiff's termination.

55.    Defendants' intentional retaliation against Plaintiff is in direct violation of the FLSA, which expressly prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter…" 29 U.S.C. § 215(a)(3).

56.    Defendants' termination of Plaintiff constitutes a retaliatory action in violation of the FLSA because it was taken in direct response to her assertion of workplace rights protected by the FLSA.

57.    As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered a loss of earnings and job benefits, and she has suffered and continues to suffer emotional distress.

## COLLECTIVE ACTION ALLEGATIONS

58.    Plaintiff has actual knowledge that the FLSA Collective Members have been denied pay at the federally mandated minimum wage rate.

59.    As such, Plaintiff has first-hand personal knowledge of the same pay violations at Pin Ups for other dancers. Furthermore, other dancers at Defendants' establishment have shared with Plaintiff similar pay violations, including failure to receive minimum wage and overtime pay and improper tip sharing, like those described in this Complaint.

13

60.     Other employees similarly situated to Plaintiff worked or have worked at Pin Ups but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded 40 hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

61.     Plaintiff brings this lawsuit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were employed by Defendants at Pin Ups as exotic dancers at any time during the three years prior to the commencement of this action to present.

62.     FLSA Collective Members perform or have performed the same or similar work as Plaintiff.

63.     FLSA Collective Members are not exempt from receiving pay at the federally mandated minimum wage rate.

64.     FLSA Collective Members are not exempt from receiving overtime compensation.

65.     As such, FLSA Collective Members are similar to Plaintiff in terms of job duties, manner of pay and/or the denial of minimum wage and overtime pay and improper tip sharing.

66.     Defendants' failure to properly pay Plaintiff and those similarly situated for all hours worked at the minimum wage and overtime rate required by

the FLSA, and taking of tips in violation of the FLSA, result from generally applicable policies or practices and do not depend on the personal circumstances of the FLSA Collective Members.

67.    The experiences of Plaintiff, with respect to her pay, are typical of the experiences of FLSA Collective Members.

68.    The specific job titles or precise job responsibilities of each FLSA Collective Member do not prevent collective treatment.

69.    All FLSA Collective Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

70.    Although the exact amounts of damages may vary among FLSA Collective Members, the damages for the FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Collective Members.

71.    As such, Plaintiff brings her FLSA minimum wage claims as a collective action on behalf of the following collective group:

> All current and former dancers who worked for Defendants at Pin Ups any time starting three years before the filing of this lawsuit to the present.
>
> This is the "FLSA Collective."

## CAUSES OF ACTION

### Count I: Failure to Pay Minimum Wage under the FLSA
### (as to Plaintiff and FLSA Collective Members)

72.     Defendants' failure to pay Plaintiff and FLSA Collective Members at the full minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

73.     During the relevant period, Defendants have violated and are violating the FLSA, 29 U.S.C. §§ 206, and 215(a)(2), by employing Plaintiff and FLSA Collective Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA and failing to pay such employees at the minimum wage rate.

74.     Defendants failed to pay Plaintiff and FLSA Collective Members the full minimum wage according to the provisions of the FLSA for each and every hour and workweek that Plaintiff and FLSA Collective Members worked for Defendants during the statutory time period, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

75.     None of the exemptions provided by the FLSA regarding an employer's obligation to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendants or Plaintiff and the FLSA Collective Members.

76.    Plaintiff and the FLSA Collective Members are entitled to recover unpaid minimum wages, liquidated damages, interest and reasonable attorneys' fees and costs.

### Count II: Failure to Pay Overtime Compensation
### (as to Plaintiff and the FLSA Collective Members)

77.    Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff and FLSA Collective Members worked in excess of forty (40) hours in a workweek.

78.    None of the exemptions provided by the FLSA regulating the duty of employers to pay employees at the applicable overtime rate for all hours worked over forty (40) in a workweek apply to Plaintiff and the FLSA Collective Members.

79.    Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

### Count III: Tip Theft in Violation of the FLSA
### (as to Plaintiff and FLSA Collective Members)

80.    At all relevant times, Defendants were and continue to be employers engaged in commerce within the meaning of the FLSA.

17

81.    At all relevant times, Plaintiff and FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

82.    Upon information and belief, at all relevant times, Defendants had gross annual revenues in excess of $500,000.00.

83.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Members within the meaning of the FLSA.

84.    The tipped wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and other members of the FLSA Collective.

85.    The FLSA prohibits employers, such as Defendants, from retaining employees' tips, regardless of whether or not the employer takes a tip credit.

86.    Defendants engaged in a routine and widespread pattern, policy and practice of violating the FLSA by keeping tips from their employees in a manner not consistent with a valid tip pooling arrangement.

87.    Defendants unlawfully withheld Plaintiff's tips through the imposition of the unlawful mandatory fees.

88.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 203(m)(2)(B).    Because Defendants'

violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

89. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

90. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants all tips unlawfully withheld, an additional equal amount as liquidated damages, interest, and attorneys' fees and costs.

### Count IV: Retaliatory Termination in Violation of the FLSA
### (As to Plaintiff)

91. At all relevant times, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

92. As stated above, Plaintiff complained to Pin Ups' management about not receiving any compensation from Defendants and the mandatory house fees she was required to pay before each shift.

93. As a direct result of asserting her rights under the FLSA, Defendants, through the club manager, terminated Plaintiff and no longer allowed her to work at Pin Ups.

94. Defendants' termination of Plaintiff violated the FLSA as retaliation for Plaintiff's assertion of workplace rights protected by the FLSA.

95. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered a loss of earnings and job benefits, and she has suffered and continues to suffer emotional distress.

**SUMMARY OF DAMAGES SOUGHT**

96. Plaintiff and FLSA Collective Members are entitled to recover compensation for each and every hour worked at the federally mandated minimum wage rate.

97. Plaintiff and FLSA Collective Members are entitled to recover overtime compensation for each and every hour worked over forty (40) in a given workweek.

98. Plaintiff and FLSA Collective Members are entitled to reimbursement of all misappropriated tips.

99. Plaintiff and FLSA Collective Members are also entitled to an amount equal to all of the unpaid wages (including all of their misappropriated tips) as liquidated damages because Defendants' actions were not based on good faith. *See* 29 U.S.C. § 216(b).

100. Plaintiff and FLSA Collective Members are entitled to recover their attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

101. Plaintiff is entitled to lost earnings and benefits, liquidated damages, compensatory damages, interest and reasonable attorneys' fees and costs for Defendants' retaliatory termination of her employment in violation of the FLSA.

## PRAYER FOR RELIEF

102. Plaintiff and FLSA Collective Members pray for entry of judgment against Defendants, jointly and severally, as follows:

    a. For an order pursuant to Section 216 of the FLSA finding Defendants liable for unpaid wages (including minimum wage, overtime pay) and misappropriated tips due to Plaintiff and FLSA Collective Members and for liquidated damages equal to that amount;

    b. For an order awarding Plaintiff lost earnings and benefits, liquidated damages, and compensatory damages for her retaliatory termination;

    c. Reasonable attorneys' fees and costs;

    d. Pre- and post-judgment interest at applicable rates; and

    e. For an order granting such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

103.    Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

Respectfully submitted, this 19th day of March 2024.

By: *Beth A. Moeller*
Beth A. Moeller
Georgia Bar No. 100158
MOELLER BARBAREE LLP
1175 Peachtree Street NE, Suite 1850
Atlanta, Georgia 30361
Tel: 404.748.9122
bmoeller@moellerbarbaree.com

Justin M. Scott
Georgia Bar No. 557463
Jake Knanishu
Georgia Bar No. 597103
RADFOR SCOTT LLP
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030
Telephone: 404.400.3600
Facsimile: 478.575.2590
jscott@radfordscott.com
jknanishu@radfordscott.com

ATTORNEYS FOR PLAINTIFFS